RECEIVED
NOV 7 2014
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br><br>vs.<br><br>DENNIS LEE BAILEY JR<br>Defendant (Pro-Se) | Case No: 3:08-cr-00064-JAJ<br><br>MOTION UNDER 18 USC 3582 (c)(2) AND 18 USC 3582 (c)(1)(B) BASED ON RETROACTIVE AMENDMENT |

COMES NOW, the defendant, Dennis Lee Bailey Jr, acting Pro-Se, to move this court to reduce his sentence pursuant to 18 USC 3582 (c)(2) and/or 18 USC 3582 (c)(1)(B). In support of his motion defendant states the following:

1.) On April 10, 2014, the Sentencing Commission passed the proposed amendment for a two level reduction in the guidelines, for <u>all</u> drug offenders, which was sent to Congress on May 1, 2014 (Retroactive vote on July 18, 2014)

2.) Defendant-Petitioner believes he would qualify for this Two Level Reduction as it would apply to All DRUG OFFENDERS

3.) Under USSG 1B1.10 (b)(2)(B) - <u>Exception for Substantial Assistance</u> - If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendants assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

4.) Under USSG 1B1.10 (b)(2)(C) <u>Cases Involving Mandatory Minimum Sentences and Substantial Assistance</u> - If the case involves a statutorily required minimum sentence and the court had the authority to impose a sentence below the statutorily required minimum sentence pursuant to a government motion to reflect the defendants substantial assistance to authorities, then for purposes of this policy statement the amended guideline range shall be determined without regard to the operation of §G1.1 (Sentencing on a single count of conviction) and §G1.2 (sentencing on multiple counts of conviction).

5.) Defendant was sentenced May 29, 2009 to a term of 125 months. Defendant had a prior drug conviction which required a 20 year statutory minimum. Defendant's drug amount was 94.6 grams which would require a 5 to 40 year sentence and a 10 year minimum based on one prior drug conviction.

5.) Cont.

Defendant is not, however, arguing any sentencing issue. He is simply pointing out to the court the fact that were he sentenced today his sentence would be less. Defendant also would point out to this honorable court that this does not seek direct application of the amendment, but rather direct application of the statutory amendment on which the amended guideline was based. Such derivative relief seems well within the spirit and scope of what 3582 (c)(2) contemplates. Application of Amendment 782 in defendant's case does not require a full resentencing.

In any event, the fact remains that defendant was sentenced for a drug (crack cocaine) offense and thus had both a crack and statutorily minimum range as sentencing guidepost under the advisory guidelines. Defendant also respectfully submits that the court has authority to grant relief under 18 USC 3582 (c)(1)(B) which allows a court to modify a term of imprisonment as "expressly permitted by statute..."
18 USC 3582 (c)(1)(B).

Defendant respectfully request his sentence be modified to reflect a 6 month reduction which would, in turn, reflect a sentence beginning at his statutory minimum and also the governments motion. Defendant request a final sentence of 119 months, or less if in the courts authority.

Wherefore, defendant prays this Honorable Court reduce his sentence to 119 months or less pursuant to 18 USC 3582(c)(2) and 18 USC 3582(c)(1)(B).

Date Nov. 3rd 2014

Respectfully Submitted
s/ Dennis Lee Bailey Jr

Dennis Lee Bailey Jr #08746-030
FCI Pekin
P.O. Box 5000
Pekin IL 61555-5000

## — Certificate of Service —

I hereby certify that the enclosed 3582 motion was delivered to the Clerk of Court for the Southern District of Iowa (Davenport Div) at 131 E 4th St Davenport Iowa 52801, via First-Class pre-paid postage and by delivering to the (Legal Mail) Pekin FCI Institutional Mail Officer on this 3rd day of November 2014

Dated
Nov. 3rd 2014

Respectfully
Dennis Bailey JR

cr-00064-SHL-SBJ    Document 67    Filed 11/07/14

Dennis Bailey 08746-030
Federal Correctional Institution
PO Box 5000
Pekin, IL 61555

Legal Mail

RECEIVED
NOV 04 2014
FCI PEKIN
MAIL ROOM

⇔ 08746-030 ⇔
Us Distric Court
Clerk of Courts
131 East Fourht St.
Davenport, IA 52803
United States

USA FIRST-CLASS FOREVER