IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 3:08-cr-64 |
| | ) | |
| v. | ) | **GOVERNMENT'S RESISTANCE** |
| | ) | **TO DEFENDANT'S MOTION FOR** |
| DENNIS LEE BAILEY, JR., | ) | **EARLY TERMINATION OF** |
| | ) | **SUPERVISED RELEASE** |
| Defendant. | ) | |

COMES NOW the United States of America, in the Southern District of Iowa, by and through Assistant United States Attorney Melisa K. Zaehringer, and hereby responds to Defendant's motion for early termination of supervised release and in support thereof states as follows:

1. On July 16, 2008, a one-count Indictment was filed, in the Southern District of Iowa, charging Dennis Lee Bailey, Jr., with Conspiracy to Distribute Drugs (Count 1), in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), and assigning the docket number of 3:08-cr-00064. (R. Doc. 2.)

2. On October 6, 2008, Defendant plead guilty as charged to Count One of the Indictment. (R. Doc. 31. PSR ¶ 2.) On May 29, 2009, Defendant was sentenced by Judge John A. Jarvey to serve 125 months of imprisonment and ten years of supervised release to follow. (R. Doc. 41.)

3. On October 11, 2011, Defendant filed a motion for reduction of sentence. (R. Doc. 45.) On December 9, 2011, the Court denied Defendant's motion for sentence reduction. (R. Doc. 51.)

1

4. On November 7, 2014, Defendant filed a second motion for reduction of sentence. (R. Doc. 67.) On December 18, 2014, the Court granted Defendant's second motion for sentence reduction. (R. Doc. 68.)

5. Defendant was released to begin his term of supervised release on November 2, 2015. (R. Doc. 72.)

6. On November 18, 2016, a request for modification of Defendant's supervision was filed for Defendant to enter into the Reentry program. (R. Doc. 72.) The Court granted the modification. (R. Doc. 73.)

7. On January 11, 2017, a request for modification was filed requesting Defendant to participate in 120 days curfew program due to violations. (R. Doc. 76.) On December 27, 2016, officers responded to a suspicious vehicle call where Defendant was searched and found to have marijuana on him. (Id.) Defendant during the same incident was associating with an individual involved in criminal activity that he did not have approval to associate with. (Id.) On December 30, 2016, Defendant during a meeting with his probation officer, denied having marijuana on him during the incident. (Id.) The Court granted the modification. (R. Doc. 77.)

8. On April 21, 2017, a petition for warrant was filed due to Defendant on February 28, 2017, pleading guilty to possession of a controlled substance of marijuana from a December 27, 2016, incident and sentenced to 120 days jail, suspended and placed on one year of probation. (R. Doc. 78.) On May 23, 2017, Defendant's supervised release was revoked, and he was sentenced to five months of imprisonment and eight years of supervised release to follow. (R. Doc. 91.)

9. On February 1, 2018, a request for modification was filed due to Defendant's failure to maintain full-time employment. (R. Doc. 93.) The Court ordered Defendant to perform 20 hours of unpaid community service per week until full-time employment is secured. (R. Doc. 94.)

10. On March 7, 2018, a report on offender was filed due to failing to report for drug testing on February 14, 2018, and failing to report to the probation office as directed on February 28, 2018, for the following day March 1. (R. Doc. 95.) Defendant reported to the probation office on March 2, 2018, and provided a valid drug test and was advised his phone service was temporarily deactivated and no further action was taken at this time. (Id.)

11. On March 9, 2018, a report on offender was filed due to failing to comply with substance abuse testing. (R. Doc. 97.) On March 6, 2018, Defendant provided an invalid drug test and during his second attempt provided a dilute sample. (Id.) Defendant was reminded of his conditions and mandatory drug testing requirements and on March 8, 2018, provided a negative make-up drug test. No further action was taken at this time. (Id,)

12. On June 20, 2018, a petition for warrant was filed due to a new arrest violation. (R.Doc. 99.) Defendant was found to be in possession of five ecstasy pills located in his pocket and a stolen revolver during a traffic stop in Moline, Illinois. (Id.) The Court granted the request and issued a warrant. (R. Doc. 100.) On August 16, 2018, an addendum to the petition for warrant was filed due to Defendant pleading guilty to possession of a controlled substance in Rock Island County and

sentenced to 30 months of probation. (R. Doc. 102.) On September 20, 2018, Defendant was sentenced to six months of imprisonment with 78 months of supervised release to follow. (R. Doc. 119.)

13.     On April 3, 2019, report on offender was filed due to Defendant failing to comply with substance abuse testing. (R. Doc. 120.) On March 26, 2019, Defendant failed to report for his urinalysis and was directed to makeup testing on March 27, 2019. (Id.) Defendant failed to appear for his makeup test and reported to the probation office on March 28, 2019, where he tested negative. (Id.) Defendant was verbally admonished, and no further action was taken. (Id.)

14.     On April 19, 2019, a request for modification of conditions was filed due to Defendant failing to appear on April 17, 2019, to provide urinalysis testing. (R. Doc. 122.) Defendant was sentenced to 48 hours in jail due to missing three urinalysis tests. (R. Doc. 123.)

15.     On May 30, 2019, a request to modify conditions was filed due to Defendant's failure to secure full-time employment. (R. Doc. 124.) The Court granted the request, and Defendant must perform 30 hours of unpaid community service per week. (R. Doc. 125.)

16.     On October 7, 2019, a request to modify conditions was filed due to on October 4, 2019, Defendant tested positive for methamphetamine and amphetamine. (R. Doc. 126.) Defendant admitted to taking an ecstasy pill on October 1, 2019. (Id.) The Court granted the modification, and Defendant was ordered to serve 48 hours in jail. (R. Doc. 127.)

17. On February 11, 2020, a petition for warrant was filed due to Defendant failing to report to the probation office and failing to report an address change. (R. Doc. 128.) The Court granted the request and issued a warrant. (R. Doc. 129.) On May 17, 2021, an addendum to the petition for warrant was filed due to Defendant being sentenced in state court on May 3, 2021, to ten years imprisonment, suspended, and three years' probation on May 13, 2021. (R.Doc. 132.) On May 20, 2021, Defendant's supervised release was revoked and sentenced to 24 months of imprisonment with four years of supervised release to follow. (R. Doc. 144.)

18. On February 10, 2022, a modification of conditions was filed due to Defendant not being able to reside at the Davenport Residential Reentry Center. (R. Doc. 146.) The Court approved Defendant to live with his girlfriend and children and was placed on home detention without electronic monitoring equipment. (R. Doc. 147.)

19. On September 28, 2022, a report was filed due to Defendant testing positive for methamphetamine and amphetamine. (R. Doc. 148.) Defendant admitted to taking ecstasy pills days prior. (Id.) Defendant was verbally admonished, and no further action was taken. (Id.)

20. On November 15, 2022, a report was filed due to Defendant testing positive for methamphetamine and amphetamine. (R. Doc. 150.) Defendant was verbally admonished, given a substance abuse journal, and no further action was taken. (Id.)

21. On January 5, 2023, a report was filed due to failing to reside at the approved residence. (R. Doc. 152.) On December 21, 2022, an unannounced home contact was attempted where the probation officer was informed Defendant had not resided in the home for two weeks. (Id.) Defendant report to the probation office that same day and was verbally admonished and provided his new address for a home inspection to be completed. (Id.)

22. On January 11, 2023, a request for modification of conditions was filed due to Defendant losing his job on December 29, 2022, and not reporting his employment status within 72 hours. (R. Doc. 154.) The Court granted the modification, and Defendant was to reside at the residential reentry program for up to 120 days. (R. Doc. 155.)

23. On March 6, 2023, a request for modification of conditions was filed due to Defendant's failure to maintain employment. (R. Doc. 156.) The Court granted the modification, and Defendant was to perform 40 hours of unpaid community service and set a hearing date. (R. Doc. 157.)

24. On March 30, 2023, a report was filed due to Defendant failing to follow the rules of the reentry center. (R. Doc. 164.) Defendant was verbally reprimanded and reminded of the rules and expectations and no further action was taken. (Id.)

25. On June 14, 2023, a report was filed due to Defendant failing to follow the rules of the reentry center and officers located a cellphone and DVD in his room. (R. Doc. 171.) Defendant was verbally reprimanded and RRC staff sanctioned Defendant to additional duty hours as well as denied furlough requests. (Id.)

26. On September 13, 2023, a report was filed due to Defendant obtaining new law violations. (R. Doc. 173.) On August 17, 2023, Defendant was the driver of a vehicle that fled during an attempted traffic stop and a warrant was issued for his arrest. (Id.) On September 8, 2023, Defendant turned himself in and was verbally reprimanded for his actions and commended for turning himself in and no further action was taken. (Id.)

27. On December 6, 2023, a report was filed due to new law violations. (R. Doc. 175.) On November 1, 2023, Defendant was pulled over in Davenport and given a citation for driving under suspension. The case was dismissed on November 29, 2023. (Id.) On November 22, 2023, Defendant was pulled over in Davenport and given citations for failure to provide proof of financial liability, failure to yield to emergency vehicle, speeding, and driving under suspension. On December 6, 2023, Defendant plead guilty and sentenced to fines. (Id.) On November 22, 2023, Defendant was pulled over in Rock Island and given citations for driving on a suspended license, speeding, and given a court date for December 18, 2023. (Id.) Defendant was verbally reprimanded and discussed alternatives and working toward obtaining his license, no further action was taken. (Id.)

28. On May 28, 2024, a report was filed due to Defendant not reporting he was fired on May 15, 2024. (R. Doc. 177.) Defendant was verbally admonished for his dishonesty and reminded of his conditions of release and no further action was taken. (Id.)

29. On June 28, 2024, a petition for warrant was filed due to on June 20, 2024, an unannounced home inspection where Defendant was not home and no male items being in the residence to indicate he is residing there. (R. Doc. 179.) On June 20, 2024, video footage and pictures from the RRC show Defendant driving to the facility while his license is barred to bring a cellphone and paperwork to another resident of the RRC that is a felon and serving time. (Id.) The Court granted an issuance of a summons. (R. Doc. 180.) On July 23, 2024, Defendant's supervised release was revoked and was sentenced to six months of imprisonment with two years of supervised release to follow. (R. Doc. 189.)

30. Defendant was released to begin his new term of supervised release on January 21, 2025.

31. On February 6, 2025, a report was filed due to Defendant testing positive for marijuana and alcohol on January 23, 2025. (R. Doc. 191.) Defendant admitted to smoking marijuana and drinking alcohol and was verbally admonished for breaking the rules and reminded of the rules. No further action was taken. (Id.)

32. Under 18 U.S.C. §§ 3583(e)(1), a court may terminate supervised release any time after expiration of one year of supervised release after considering the factors set for in sections, 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7). Those factors include the nature and circumstances of the offense and the history and characteristics of the defendant; deterrence; the need to protect the public from further crimes of the defendant; and the need to provide the defendant with

education, training, medical care, or treatment in the most effective manner. See 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(D).

33. According to the presentence report (R. Doc. 31), in February 2008, law enforcement received information that Defendant sold drugs out of a residence in Davenport, Iowa. (PSR ¶ 7.) Three controlled purchases from a confidential informant took place and a search warrant was granted. During the execution of a search warrant on the home, crack cocaine and marijuana were seized. (Id.) During the search of the home, three different individuals arrived to purchase crack cocaine. (PSR ¶¶ 9-10.) During a traffic stop of a confidential informant in April 2008, information was obtained about drugs being sold out of another address. Surveillance was conducted and the confidential informant provided information about his buys from Defendant. (PSR ¶¶ 15-18.) On May 1, 2008, the confidential informant performed a controlled buy of 6.3 grams of a cocaine base from Defendant. (PSR ¶ 19.) Following the controlled buy and surveillance, a search warrant was executed at the residence where crack cocaine and marijuana where located. (PSR ¶ 21.) On May 1, 2008, a search warrant was also executed from another Davenport home that Defendant was observed at earlier in the day. (PSR ¶ 29.) On May 15 and May 22, 2008, controlled buys were conducted from Defendant. (PSR ¶¶ 32-33) The total amount of drugs involved were 93.69 grams of cocaine base and 59.5 grams of marijuana. (PSR ¶ 35.)

34. According to information received from USPO, Defendant has now completed approximately 10 months of his 24-month term of his fourth supervised

release. Defendant currently works for Mac and Cheese restaurant for the past month and resides in Rock Island, Illinois, where he resides with his girlfriend and children and rents the home. The government resists Defendant's request for early termination of supervised release.

35. Defendant has had many struggles while on supervised release evidenced by the history laid out above. He has shown non-compliance in most areas of supervision. Even when Defendant is in prison, he still violates the law by using marijuana evidenced by his positive UA on January 23, 2025. The pattern of not being truthful with USPO and violating numerous terms of his supervision, supports that Defendant should remain on supervised release until expiration of his term in January 2027. This Defendant can benefit from the services that USPO is providing him with in order to show a two-year period of being drug free, crime free, not lying to USPO, stability in housing, and maintaining full-time employment. Until Defendant can prove himself to be fully compliant with the terms of supervised release, he should not be rewarded and released early from supervision. There are still benefits to him and community in him remaining on supervised release.

WHEREFORE, the United States prays that this Court consider the above arguments regarding Defendant's motion for early termination of supervised release and would ask the Court to not grant such motion at this time.

>Respectfully Submitted,
>
>David C. Waterman
>United States Attorney
>
>By: */s/ Melisa Zaehringer*
>Melisa K. Zaehringer
>Assistant United States Attorney
>131 East Fourth Street, Suite 310
>Davenport, Iowa 52801
>Tel: (563) 449-5432
>Fax: (563) 449-5433
>email: Melisa.Zaehringer@usdoj.gov

**CERTIFICATE OF SERVICE**
I hereby certify that on November 03, 2025, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:
__X__ U.S. Mail      __X__ ECF/Electronic filing

>By: */s/ Alexandria Ogden*
>      Paralegal Specialist